Strafford, }
March 7, 1902. }

## BROWN *& a., Trustees,* v. BERRY *& a.*

Current expenses in the administration of a trust, such as taxes, insurance, and repairs, should be paid out of the gross income when such appears to have been the intent of the testator ; but payments on account of the services and expenses of the trustees constitute a general charge upon the whole estate.

When it is apparent from a consideration of all the competent evidence that a bequest in trust providing for the support of the children and the education of the grandchildren of the testator out of the net income of his estate was intended to be demonstrative rather than specific, the trustees are authorized to expend the principal for such purposes if the designated fund shall prove insufficient.

Under a bequest in trust specifically providing for the liberal education of grandchildren of the testator, and the payment of money to such as are over twenty-one years of age whenever their wants and necessities may require it, the authority of the trustees to make necessary expenditures for the education of the beneficiaries is not limited to the period of their minority.

Where a bequest in trust provides that the remainder shall vest in grandchildren when the youngest arrives at the age of twenty-one years, and it was the undoubted purpose of the testator to prevent the beneficiaries from selling, incumbering, or squandering their shares before they should come into absolute possession of them, the trustees cannot safely make payments to any grandchild from the general estate and charge the same as an advancement, to be accounted for out of his final distributive share.

Where a will directs that a son of the testator is to have the use and occupation of certain premises "free of all expense to him," the trustees may make from the general fund such repairs and additions as are required to

render the buildings reasonably suitable for the use of the beneficiary and his family, provided the value of the premises shall not thereby be made to exceed the specified cost of a new residence which he has the privilege to elect.

BILL IN EQUITY, for instructions, by the trustees under the will of Hiram Barker. Facts found, and case transferred from the September term, 1901, of the superior court, by *Wallace*, C. J.

Hiram Barker died in 1887, leaving the bulk of his property by the residuary clause of his will to trustees for certain purposes. The plaintiffs are the present trustees. The following are some of the purposes for which the property was devised in trust:

First. To pay out of the net income of the estate to his daughter, Clara B. Berry, the sum of $2,000 annually, during her life, in such sums and at such times as she might request; and if that sum should not be sufficient for her ample and comfortable support and suitable manner of living, to pay such additional sums as might in the best judgment of the trustees be just, sufficient, and proper for such purposes.

Second. To pay out of the net income of the estate to his son, Hiram H. Barker, the sum of $1,000 annually during his life, for the proper and reasonable support of himself, wife, and children; and if that sum should in the best judgment of the trustees prove insufficient, then it should be increased to such an amount as should in their opinion be sufficient for the purpose.

Third. To furnish out of the net income of the estate means for the education of the grandchildren of the testator, at home or abroad, at proper institutions of learning.

Fourth. After each grandchild should arrive at the age of twenty-one years, to pay out of the estate such further sums for their wants and necessities as might be necessary in the opinion of the trustees.

Fifth. To permit Hiram H. to have during his life, free of rent, the use and occupation of the premises occupied by him at the decease of the testator, and to keep in repair all buildings so occupied at the expense of the estate, the desire of the testator as set forth in the will being that Hiram H. should have the use and occupation of the premises free of all expense to him.

The will further provided that the estate should belong to the grandchildren absolutely when the youngest should arrive at the age of twenty-one years, provided they should first give suitable security for the payment of the annuity to Clara B. and for the sufficient support of Hiram H. during his life.

In September, 1882, when the will was executed, the testator had property which he estimated at $475,733.97. In August,

1886, when codicils were executed, he regarded his property as worth $616,825.44, and had an annual income of about $40,000. In November, 1891, when the estate was turned over to the trustees by the executors, an inventory showed its valuation to be $614,214.32. December 1, 1900, when the present trustees qualified, their inventory showed the estate to be worth $240,894.02, of which $98,312.97 is property from which no income is received and which consists mostly of western real estate. For the year ending March 1, 1901, the gross income of the estate was $7,615.-24 ; and the expenditures during the same period for the management of the estate, exclusive of the services of the trustees, were as follows :

| Repairs | . | . | . | . | . | . | $1,408.53 |
| Taxes | . | . | . | . | . | . | 6,952.84 |
| Incidental expenses | . | . | . | . | . | | 771,26 |
| Insurance | . | . | . | . | . | . | 283.13 |
| | | | | | | | $9,415.76 |

As the expenditures are in excess of the gross income, there is no net income out of which payments to Clara and Hiram H., and for the education of the grandchildren, may be made in accordance with the terms of the will.

Clara has no children. The children of Hiram H., who constitute all the living grandchildren of the testator, are: Charles B., born March 23, 1874, is married, is employed as a clerk in New York City, and has present wants and necessities which require the payment to him of further sums of money; Will T., born November 16, 1877, is a student at Yale University; Hiram E., born December 7, 1878, is preparing for college at Phillips Exeter Academy; Louis H., born October 29, 1886, and Eda F., born March 5, 1890, reside with their father, attend school in Farmington, and desire to continue their education at proper institutions of learning elsewhere.

In the judgment of the trustees, Clara should receive for her comfortable and proper support not less than $2,000 annually; Hiram H. should receive for the proper and reasonable support of himself, wife, and children not less than $4,000 annually; the present wants and necessities of Charles B. require not less than $1,000 annually; each of the grandchildren who attends a college or similar institution should receive a sum not to exceed $1,250 annually; the dwelling-house occupied by Hiram H. is not sufficient or appropriate for the needs and accommodation of himself and his family, as at present constituted, and repairs and additions thereto are necessary.

The trustees, being in doubt as to the true construction of the will, ask for instructions on the following points :

1.   Whether they should pay sums for repairs, taxes, insurance, incidental expenses, and services and expenses of trustees, or either of them, out of the principal or the gross income of the estate.

2.   Whether they may pay money for the support of Clara and Hiram H. out of the principal of the estate whenever there is not sufficient net income out of which to make such payments.

3.   Whether they may pay money for the education of the grandchildren more than twenty-one years of age out of the principal of the estate whenever there is not sufficient net income out of which to make such payments.

4.   Whether they may pay money for the education of the grandchildren under twenty-one years of age out of the principal of the estate whenever there is not sufficient net income out of which to make such payments.

5.   Whether they may, with the consent of a grandchild or his guardian, make payments to such grandchild for his education or for his wants and necessities out of the principal of the estate, and charge the same as an advancement to be accounted for by such grandchild out of his final distributive share.

6.   Whether they may erect additions to the buildings occupied by Hiram H. at the expense of the estate alone, and may make such betterments and improvements thereon as they may deem necessary.

7.   Whether they may make payments to Charles B. out of the principal of the estate for his proper wants and necessities.

*Arthur G. Whittemore,* for the plaintiffs.

*Alfred S. Hayes* (of Massachusetts), for the defendants.

BLODGETT, C. J.   1.   By designating " the net income " of his estate as the fund from which the yearly payments to his son and daughter were to be made and the means for the education of his grandchildren provided, the testator evidently contemplated that the payment of the current expenses of administering the trust, like taxes, insurance, and repairs, should come out of the gross income ; and the trustees are advised to act accordingly. Payments on account of the services and expenses of the trustees constitute a general charge upon the whole estate, and should be so treated.   *Bridge* v. *Bridge,* 146 Mass. 373, 377 ; *Bartlett, Pet'r,* 163 Mass. 509, 522.

2.   The reading of the testator's will (66 N. H. 435–440) leaves no room for doubt that his primary and controlling purpose

was to provide for the proper and reasonable support of his children and grandchildren, and for the thorough education of the latter " at home or abroad, at proper institutions of learning." For these objects he designated the net income of his large estate as the source of payment, and doubtless supposed (as he reasonably might) that it would be amply sufficient. For reasons which do not appear, there has ceased to be any net income. But this does not defeat the testator's purpose. The great weight of the competent evidence shows that he did not intend that his children should be without means of support, or his grandchildren without means of education, if for any reason the income should fail. His leading purpose was that the necessary means should be furnished by his estate in any event. That this purpose cannot be executed in the particular manner he intended, affords no valid reason why it should not be executed at all. *Edgerly* v. *Barker*, 66 N. H. 434, 473. " When the particular intent cannot be executed, the general intent must direct the construction." *Ib.*, 470. We are therefore of opinion that the phrase, " to pay out of and from the net income of my estate," is to be construed rather by way of demonstration than condition,— rather as showing how or by what means the dominating idea of the testator may be effectuated than whether it shall not be effectuated in any other way. In other words, we construe the provisions for the support of the testator's children and for the education of his grandchildren as demonstrative and not specific, and consequently to be paid out of the fund he has pointed out, if possible, but otherwise from the general assets.

3. This inquiry is answered affirmatively. There is no rule of law requiring that the education of the grandchildren stop upon their arrival at the age of twenty-one years, nor is there any such intention to be gathered from the will. On the contrary, the trustees are specifically empowered to pay money to the grandchildren more than twenty-one years of age whenever their wants and necessities require it. Will, *cl.* 8, *s.* 5. It would seem to be clear that educational wants and necessities are not excluded, and especially in view of the testator's expression of his hope " that said children, each and all, will avail themselves of the opportunity to acquire a good education." *Ib.*, *cl.* 3.

4. Further consideration of this inquiry is rendered unnecessary by the answer to the second request.

5. We are of opinion that the trustees may not safely make payments from the general estate to a grandchild, with his consent or that of his guardian, for his wants and necessities, educational or otherwise, and charge the same as an advancement to be accounted for out of his final distributive share. The share of a

grandchild does not vest until the youngest of the grandchildren arrives at the age of twenty-one years (*Edgerly* v. *Barker*, *supra*); and if one of them dies before the attainment of that age, his representatives take his share (*Ib.*, 447, 448, 449, *et. seq.*) and might not be bound by any advancement made to him. Nor does. there appear to be any occasion for advancements (Will, *cl.* 8, *s.* 5); and, furthermore, it was the undoubted purpose of the testator to prevent the grandchildren from selling, incumbering, or squandering their shares before they should come into their absolute possession. *Edgerly* v. *Barker*, *supra*, 447, 448.

6. It being the declared intention of the testator that his son should be provided with a suitable dwelling-house for and during life, "free of all expense to him" (Second Codicil, *ss.* 1, 6), and the trustees being of the opinion that the house now occupied by him "is not sufficient or appropriate for the needs and accommodation of himself and his family," and that "repairs and additions thereto are necessary," we think that they may not only make such repairs from the general funds of the estate, but that, in the exercise of the broad discretion with which the testator has endowed them, they may also make such additions, betterments, and improvements as they deem necessary to render the buildings reasonably suitable under all the circumstances for the occupation of the son and his family, *provided*, that the value of the premises shall not thereby exceed $5,000,— the sum to which the trustees are limited by the will in purchasing or building a new residence for the son at his election. Second Codicil, *cl.* 1.

7. The question whether payments out of the principal of the estate may be made to Charles B. Barker for his wants and necessities is not a matter of doubt as to which the advice or direction of the court may properly be required (Will, *cl.* 8, *s.* 5); and, moreover, it has already been incidentally, but sufficiently, considered in the answer to the third request.

*Case discharged.*

All concurred.